IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| AUDRI WILSON, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO.: **CV422-182** |
| | ) |
| HIBBETT RETAIL, INC, ARCH | ) |
| INSURANCE COMPANY, AND | ) |
| DAVID EGGER, | ) |
| | ) *Removed from the State Court of* |
| Defendants. | ) *Chatham County, STCV22-00862* |
| | ) |

**DEFENDANTS HIBBETT RETAIL, INC. F/K/A HIBBETT SPORTING GOODS, INC., ARCH INSURANCE COMPANY, AND DAVID EGGER'S NOTICE OF REMOVAL**

Defendants Hibbett Retail, Inc. f/k/a Hibbett Sporting Goods, Inc. (hereinafter "Defendant Hibbett"), Arch Insurance Company (hereinafter "Defendant Arch"), and David Egger (hereinafter "Defendant Egger") (hereinafter collectively "Defendants"), pursuant to and in accordance with 28 U.S.C. §§ 1332, 1441 and 1446, give notice of the removal of this civil action from the State Court of Chatham County to the United States District Court of the Southern District of Georgia, Savannah Division, setting forth its short and plain statement of the grounds for removal as follows:

1.

On May 25, 2022, Plaintiff Audri Wilson filed a Complaint in the State

Court of Chatham County, Civil Action File No. STCV22-00862, against Defendants.

2.

Defendant Arch was served with process on June 29, 2022. This Notice of Removal is filed within 30 days of service and notice of the Complaint to Defendant Arch, and is therefore timely pursuant to 28 U.S.C. § 1446.

3.

Defendant Hibbett was served with process on June 29, 2022. This Notice of Removal is filed within 30 days of service and notice of the Complaint to Defendant Hibbett, and is therefore timely pursuant to 28 U.S.C. § 1446.

4.

Defendant Egger was served with process on July 21, 2022. This Notice of Removal is filed within 30 days of service and notice of the Complaint to Defendant Egger, and is therefore timely pursuant to 28 U.S.C. § 1446.

5.

Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendants are attached hereto as **Composite Exhibit 1.**

6.

Prior to filing this Notice of Removal, each Defendant filed an Answer to Plaintiff's Complaint in the State Court of Chatham County, with a demand for

jury trial. A copy of Defendant Arch's Answer is attached hereto as **Exhibit 2.** A copy of Defendant Hibbett's Answer is attached here to as **Exhibit 3.** A copy of Defendant Egger's Answers are attached hereto as **Exhibit 4.**

7.

Plaintiff is a resident and citizen of the State of Georgia. *See* Complaint at ¶ 1.

8.

Defendant Hibbett is a foreign corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Birmingham, Alabama. *See* Complaint at ¶ 2; Exhibit 3 at ¶ 2; Defendant Hibbett's corporate profile with the Georgia Secretary of State, attached hereto as **Exhibit 5.** Thus Defendant Hibbett is a citizen of the State of Delaware and of the State of Alabama pursuant to 28 U.S.C. § 1332.

9.

Defendant Arch is a foreign company organized and existing under the laws of the State of Missouri, with its principal place of business in Jersey City, New Jersey. *See* Complaint at ¶ 3; Exhibit 2 at ¶ 3; Defendant Arch's corporate profile with the Georgia Secretary of State, attached hereto as **Exhibit 6.** Thus Defendant Arch is a citizen of the State of Missouri and of the State of New Jersey pursuant to 28 U.S.C. § 1332.

10.

Defendant Egger is a resident and citizen of the State of Alabama. *See* Complaint at ¶ 4; Exhibit 4 at ¶ 4.

11.

Plaintiff's citizenship is diverse from that of all of the Defendants. Thus, complete diversity exists between Plaintiff and Defendants. 28 U.S.C. § 1332(a)(1).

12.

Defendants show the damages sought by Plaintiff exceed $75,000, satisfying the amount in controversy requirement of 28. U.S.C. § 1332(a). Defendants do not admit any liability to Plaintiff or agree that those damages are proximately related to the claims alleged by the Plaintiff.

13.

Plaintiff asserts claims for personal injury arising out of a motor vehicle collision that occurred in Chatham County. *See* Complaint. Specifically, Plaintiff alleges that Plaintiff was "irreparably injured" in the subject collision. *See* Complaint at ¶ 7. Plaintiff further alleges "[a]s a result of this collision, Plaintiff has suffered traumatic, permanent physical and psychological injuries which drastically affected the quality of his [sic] life." *See* Complaint at ¶ 8.

14.

Plaintiff further alleges she suffered "traumatic, permanent psychological and physical injuries, including but not limited to injuries to her head, neck, back, abdominal area and upper extremities, and also incurred reasonable medical expenses necessary to treat those injuries…as well as sustaining severe physical and emotional pain and suffering. All of Plaintiff's damages will continue into the future, to the extent said injuries are permanent." *See* Complaint at ¶ 24. Plaintiff further alleges she suffered the following types of damages:

- Personal injuries;
- Pain and suffering;
- Disability;
- Disfigurement;
- Mental anguish;
- Loss of the capacity for the enjoyment of Life;
- Impaired ability to labor;
- Loss of earning capacity;
- Loss of earnings;
- Travel expenses for seeking medical treatment;
- Other related collisional expenses;
- Permanent injuries;

- and future medical expenses.

*See* Complaint at ¶ 25.

15.

Plaintiff did not include an ad damnum in her Complaint setting out a specific amount of damages sought. However, Plaintiff has made a demand for damages related to the subject collision in the amount of $750,000.

16.

Therefore, as shown above, the aforementioned civil action is a civil action of which this Court has original jurisdiction under the provisions of Title 28 of the United States Code § 1332 and, accordingly, is one which may be removed to this Court by the Defendants pursuant to the provisions of Title 28 of the United States Code §1441.

17.

Contemporaneously with this filing, Defendants will file a Notice of Filing of Notice of Removal in the State Court of Chatham County, and provide written notice to Counsel for Plaintiff as required by 28 U.S.C. § 1446(d). A copy of this Notice is attached hereto as **Exhibit 7.**

18.

As Chatham County, Georgia, is one of the counties comprising the Savannah Division of the Southern District of Georgia, venue is proper in

accordance with 28 U.S.C. § 1446(a) and L.R. 2.1.

19.

All Defendants join in and consent to the removal of this action.

20.

By filing this Notice of Removal, Defendants do not waive any defenses to this Action, and expressly re-assert all defenses stated in the attached Answers.

21.

To the best of the undersigned's knowledge, information, and belief, and after reasonable inquiry, this Notice of Removal is well-grounded in fact and is warranted by existing law, and has not been interposed for any improper purpose, such as to harass, cause unnecessary delay, or a needless increase in the cost of litigation.

WHEREFORE Defendants pray the case be removed to the United States District Court for the Southern District of Georgia, Savannah Division.

This 29th day of July, 2022.

Respectfully submitted,
COPELAND, STAIR, VALZ & LOVELL, LLP

40 Calhoun Street, Suite 400
Charleston, SC 29401
Glovell@csvl.law
lhoughton@csvl.law
Ph: 843-266-8213

By: *s/D. Gary Lovell, Jr.*
D. GARY LOVELL, JR.
GA State Bar No.: 459389
LACEY L. HOUGHTON
GA State Bar No.: 363614
**Attorneys for Defendant David Egger, Hibbett Retail, Inc., and Arch Insurance Company**

# CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of this **Notice of Removal** upon all counsel of record, by electronic mail and/or United States mail, postage prepaid, and properly addressed as follows:

Farah & Farah<br>
Bradley Robinson<br>
12016 Abercorn Street<br>
Savannah GA 31419<br>
brobinson@farahandfarah.com<br>
j.williams@farahandfarah.com

This 29th day of July, 2022.

Respectfully submitted,

COPELAND, STAIR, VALZ & LOVELL, LLP

By: *s/D. Gary Lovell, Jr.*
D. GARY LOVELL, JR.
GA State Bar No.: 459389
LACEY L. HOUGHTON
GA State Bar No.: 363614
***Attorneys for Defendant David Egger, Hibbett Retail, Inc., and Arch Insurance Company***

40 Calhoun Street, Suite 400
Charleston, SC 29401
Glovell@csvl.law
lhoughton@csvl.law
Ph: 843-266-8213